UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Perry Livestock Services, LLC,

        Plaintiff,

v.

Inwood Feeders, Inc., *et al.*,

        Defendants.

Case No. 3:22-cv-1865

MEMORANDUM OPINION
AND ORDER

### I. INTRODUCTION AND BACKGROUND

Plaintiff Perry Livestock Services, LLC, is a livestock supplier based in Fulton County, Ohio. (Doc. No. 1-1 at 2-3). Plaintiff alleges it entered into a contract with Defendants Inwood Feeders, Inc., and Jesse Van De Stroet in which Defendants agreed to purchase a total of 24 loads of cattle from Plaintiff. (*Id.* at 3). According to Plaintiff, Defendants breached the parties' contract when they accepted some of the loads but refused to accept the remaining loads. (*Id.*). Plaintiff filed suit in the Fulton County, Ohio Court of Common Pleas. (*Id.*).

Defendants, who are residents of South Dakota, timely removed the case to this court pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. No. 1). Defendants then moved to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. (Doc. No. 5). Plaintiff opposed the motion, (Doc. No. 7), and Defendants filed a brief in reply. (Doc. No. 8). For the reasons stated below, I grant Defendants' motion.

## II.   STANDARD

Personal jurisdiction in a federal court exists over a nonresident defendant where (1) the law of the sitting state authorizes jurisdiction, and (2) exercising jurisdiction comports with the requirements of federal due process. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). "'Ohio's long-arm statute is not coterminous with federal constitutional limits.'" *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012) (quoting *Estate of Thompson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008)). Thus, a court must engage in "'separate discussions of whether the defendant is amenable to suit under Ohio's long-arm statute and whether due process requirements of the Constitution are met'" before concluding it has personal jurisdiction over the nonresident party. *Estate of Thompson*, 545 F.3d at 361 (quoting *Walker v. Concoby*, 79 F. Supp. 2d 827, 831 (N.D. Ohio 1999)).

"'The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists.'" *Schneider*, 669 F.3d at 697 (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). When, as here, a motion to dismiss for lack of personal jurisdiction is made without conducting an evidentiary hearing, "'the court must consider the pleadings and affidavits in a light most favorable to the [nonmoving party . . .].'" *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quoting *CompuServe,* 89 F.3d at 1261-62 ) (alteration added by *Beydoun*). To defeat the motion, the plaintiff must make a prima facie showing in support of jurisdiction. *Beydoun*, 768 F.3d at 504.

## III.   ANALYSIS

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v.*

2

*Washington,* 326 U.S. 310, 319 (1945)). A party may be subject to jurisdiction in a state other than the party's state of residence under either general or specific jurisdiction. A nonresident party may be subject to general jurisdiction in the forum state "[e]ven when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State . . . when there are sufficient contacts between the State and the foreign corporation." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (citations omitted). *See also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.") (citation omitted). Plaintiff concedes Defendants are not subject to general jurisdiction in this court. (Doc. No. 7 at 1).

Specific jurisdiction exists when the plaintiff's claims arise out of or relate to the nonresident defendant's case-related contact with the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citation omitted). To establish specific personal jurisdiction, Plaintiff first must satisfy the requirements of Ohio's long-arm statute which, in pertinent part, provides for personal jurisdiction over a nonresident defendant "who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this state." Ohio Rev. Code § 2307.382(A)(1).

> Ohio courts considering the "transacting any business" provision have recognized:
>
> [t]wo factors . . . as important guideposts when the claim is based in contract: (1) if the defendant reached out to the plaintiff in the forum state to create a business relationship; and (2) whether the parties conducted their contract negotiations in the forum state or agreed on terms affecting the forum state. . . . [M]erely directing communications to an Ohio resident for the purpose of negotiating an agreement or fulfilling a contract, without more, is insufficient to establish that a defendant transacts business in the state. . . . Rather, there must additionally be some continuing obligation that connects the nonresident defendant to the state or some terms of the agreement that affect the state.

3

*Premier Prop. Sales Ltd. v. Gospel Ministries Int'l, Inc.*, 539 F. Supp. 3d 822, 828 (S.D. Ohio 2021) (citations and internal quotation marks omitted) (first alteration added).

Plaintiff argues it has satisfied the requirements of § 2307.382(A) because it entered into a contract for the sale of livestock with Defendants in Ohio. (Doc. No. 7 at 6). Plaintiff (through the affidavit of its sole member David Perry) contends it was introduced to Defendants by a third party named Craig Timmer.[1] (Doc. No. 7-1 at 2). Timmer was given Plaintiff's contact information by a "mutual acquaintance" of Plaintiff and Timmer, and Timmer then contacted Plaintiff to discuss the possibility that Defendants might purchase "'Angus Holstein' Cross Calves" from Plaintiff. (*Id.*).

Plaintiff contends it sold livestock to Defendants between March 2021 and June 2022, first through Timmer as a broker and then directly to Defendants. (*Id.* at 2-3). Viewed in the light most favorable to Plaintiff, *Beydoun,* 768 F.3d at 504, Perry's affidavit shows that Defendants entered into a contract with, and made payments to, an Ohio resident over a period of approximately 15 months. But these facts are insufficient to satisfy Ohio's long-arm statute because the only connection to Ohio those facts show is that Plaintiff resides here.

Defendants contend the parties' agreements "never specified the geographical source of the cattle, which was immaterial to the transaction." (Doc. No. 5 at 3-4) (citing Doc. No. 5-1 at 2). Plaintiff does not dispute this contention, stating "[t]he location of the livestock is not at issue." (Doc. No. 7 at 8). Plaintiff seeks to sidestep this matter by arguing "Plaintiff [who is an Ohio resident] provides services by personally 'sorting' the livestock, weighing the same before transport, and working with third parties to transport the livestock." (*Id.*) (citing Doc. No. 7-1 at 3).

---

[1] While the parties disagree about whether Timmer should be considered to be Defendants' agent or a neutral third party, I conclude this dispute is immaterial. The record does not indicate Timmer had any connection to Ohio, except for his efforts to negotiate an agreement with Plaintiff, and, as the *Premier Property Sales* court noted, these communications are insufficient to establish specific personal jurisdiction. 539 F. Supp. 3d at 828 ("[M]erely directing communications to an Ohio resident for the purpose of negotiating an agreement . . ., without more, is insufficient to establish that a defendant transacts business in the state.").

Again, the only connection in the record of this case between these services and Ohio is the fact that Plaintiff is an Ohio resident. And the "contacts required to exercise personal jurisdiction over the defendant cannot be the result of the unilateral activity of the resident." *Premier Prop. Sales*, 539 F. Supp. 3d at 829 (quoting *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 513 (6th Cir. 2006)). Plaintiff has not offered any evidence that any term of the parties' contract anticipated that the Plaintiff's services would be rendered in Ohio, or which placed upon Defendants any duties that would connect Defendants to Ohio. *See Kroger*, 437 F.3d at 514 (holding defendant was not subject to personal jurisdiction in Ohio where "[a]ll of [defendant's] duties under the agreements were conducted outside of Ohio").

The Sixth Circuit previously has held "an out-of-state defendant-buyer did not purposefully avail itself of the benefits and protections of the forum state's laws because, in part, no facts connected the subject matter or performance of the contract at issue to the forum state." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000) (citing *Kerry Steel Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 151 (6th Cir. 1997)). The same is true in this case. Therefore, I grant Defendants' motion to dismiss.

### IV.  CONCLUSION

For the reasons stated above, I conclude Plaintiff has not met its prima facie burden and that Defendants are not subject to personal jurisdiction under Ohio's long-arm statute. Therefore, I grant Defendants' Rule 12(b)(2) motion to dismiss. (Doc. No. 5).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge